UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT



JUDLIN MORTIMER,
        *Plaintiff-Appellant,*

v.

M. L. TRITT; T. E. BEVINS;
BARNABAS WHITEIS,
        *Defendants-Appellees.*

No. 99-7427

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JUDLIN MORTIMER
        *Defendant-Appellant.*

No. 00-7157

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-98-64-3-3-MU, CR-96-176-3-MU)

Submitted: October 5, 2000

Decided: October 19, 2000

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

No. 99-7427 dismissed and No. 00-7157 affirmed by unpublished per
curiam opinion.

## COUNSEL

Judlin Mortimer, Appellant Pro Se. Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In these consolidated appeals, Judlin Mortimer appeals district court orders. In Appeal No. 99-7427, Mortimer appeals a district court order and judgment dismissing with prejudice his action because he failed to respond to a court order directing him to show that he had exhausted his administrative remedies pursuant to 42 U.S.C.A. § 1997e(a) (West Supp. 2000), and denying his motion for reconsideration. In Appeal No. 00-7157, Mortimer appeals a district court order denying his motions for a reduction in his sentence under Rule 35 of the Federal Rules of Criminal Procedure, for the return of property under Rule 41 of the Federal Rules of Criminal Procedure, and for the production of documents.

Mortimer was convicted of drug offenses on December 17, 1997. In No. 99-7427, Mortimer filed an action under 42 U.S.C.A. § 1983 (West Supp. 2000), on February 17, 1998.* A review of the pleading suggests that the action could be construed as a notice of appeal from his conviction and sentence. In the filing, Mortimer states that he is appealing his conviction and sentence and the sole relief he seeks is to have the conviction and sentenced reversed.

---

*For the purpose of this appeal, we assume that the dates appearing on Mortimer's pleadings are the filing dates. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

Criminal defendants have ten days from the entry of the judgment or order at issue to file a notice of appeal. *See* Fed. R. App. P. 4(b). The appeal periods established by Rule 4 are mandatory and jurisdictional. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978). Insofar as Mortimer's pleading could be construed as a notice of appeal, it is untimely and the action should be dismissed for lack of jurisdiction.

If Mortimer's action in No. 99-7427 is construed as a civil rights action, it is frivolous and should be dismissed. To recover damages for an allegedly unconstitutional conviction or sentence, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Mortimer is challenging the basis for his conviction, the action, construed as a civil rights complaint, is not ripe because the conviction has not been called into question.

Accordingly, No. 99-7427 is dismissed. In No. 00-7157, we have reviewed the record and the district court order and affirm on the reasoning of the district court. *See United States v. Mortimer*, No. CR-96-176-3-MU (W.D.N.C. July 27, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 99-7427 - *DISMISSED*
No. 00-7157 - *AFFIRMED*